14-1578-cr
*United States v. Sturgis*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of July, two thousand sixteen.

Present:
> DEBRA ANN LIVINGSTON,
> SUSAN L. CARNEY,
> > *Circuit Judges*,
> TIMOTHY C. STANCEU,
> > *Judge*.[*]

---

UNITED STATES OF AMERICA,

> *Appellee*,

v.                                                                                  14-1578-cr

ALBERT L. STURGIS,

> *Defendant-Appellant*.[†]

---

For Appellee:                                          MONICA J. RICHARDS, Assistant United States
                                                       Attorney, Buffalo, N.Y. *for* William J. Hochul, Jr.,

---

[*] The Honorable Timothy C. Stanceu, Chief Judge of the United States Court of International Trade, sitting by designation.

[†] The Clerk of Court is directed to modify caption as above.

|  | United States Attorney for the Western District of New York. |
|---|---|
| For Defendant-Appellant: | BRIAN E. SPEARS and Nathan J. Buchok, Spears Manning LLC, Southport, Conn. |

Defendant-Appellant Albert L. Sturgis appeals from his judgments of conviction in the United States District Court for the Western District of New York (Siragusa, *J.*), entered on April 2, 2014.

**UPON DUE CONSIDERATION WHEREOF it is hereby ORDERED, ADJUDGED, AND DECREED** that the judgment of conviction of the district court is **AFFIRMED**.

The appeal stems from the criminal prosecution of Albert L. Sturgis who, on February 4, 2010, was charged in a multi-defendant indictment with participating in a drug-distribution conspiracy. On September 9, 2010, a two-count superseding information charged Sturgis with one count of conspiring to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a), (b)(1)(A), and one count of engaging in a monetary transaction involving criminally derived property greater than $10,000 in value, in violation of 18 U.S.C. § 1957. Sturgis entered into a plea agreement with the government and, on September 10, 2010, pleaded guilty to both counts in the information. On March 27, 2014, Judge Siragusa held Sturgis's sentencing hearing after a number of adjournments. At the sentencing hearing, the district court sentenced Sturgis to a term of 130 months' imprisonment on Count 1, and 120 months on Count 2, to run concurrently.

We assume the parties' familiarity with the facts, procedural history, and issues on appeal. Sturgis challenges the sentence on two grounds, both stemming from his contention that Judge Siragusa should have recused himself from the proceeding. "Where, as here, no recusal motion was made below, our review is limited to plain error." *United States v. Sanchez*,

2

623 F. App'x 35, 42 (2d Cir. 2015) (summary order), *cert. denied sub nom. Pagan v. United States*, 136 S. Ct. 1235 (2016).

First, Sturgis argues that Judge Siragusa erred in failing to recuse himself under 28 U.S.C. § 455(b)(1) because he allegedly had extrajudicial knowledge of disputed facts. Under the statute, a judge "shall . . . disqualify himself . . . [w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). Sturgis relies on the second prong, but Sturgis identifies no disputed evidentiary facts pressing this argument on appeal. Nor does he identify any "knowledge that [the district court] ought not to [have] possess[ed]" because it was gained in his personal rather than professional capacity. *Liteky v. United States*, 510 U.S. 540, 550 (1994). Rather, Sturgis points to information that exists in the public record or knowledge that Judge Siragusa gained in his professional capacity. In light of these critical deficiencies, Stugis's § 455(b)(1) argument does not pass muster.

Second, in the alternative, Sturgis argues that Judge Siragusa erred in failing to recuse himself under 28 U.S.C. § 455(a) because of a purported appearance of partiality. "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Recusal is required when "'an objective, disinterested observer fully informed of the underlying facts, [would] entertain significant doubt that justice would be done absent recusal,' or alternatively, [when] 'a reasonable person, knowing all the facts,' would question the judge's impartiality." *United States v. Yousef*, 327 F.3d 56, 169 (2d Cir. 2003) (first alteration in original) (quoting *United States v. Lovaglia*, 954 F.2d 811, 815 (2d Cir. 1992)). Here, Sturgis has not pointed to any facts that should have compelled the judge's *sua sponte* recusal. "[A]n objective and disinterested

3

observer, knowing and understanding all of the facts and circumstances," could not "reasonably question" the district court's impartiality based on the circumstances on which Sturgis relies. *SEC v. Razmilovic*, 738 F.3d 14, 29 (2d Cir. 2013).

We have considered Sturgis's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgments of conviction of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4